UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Jose A. Vazquez-Castro

    v.                              Civil No. 17-cv-072-PB

Office of General Counsel,
Federal Bureau of Prisons, U.S.
Department of Justice, P. Deveney,
S. Labrenz, J. Buesche, D. Shuler,
M. Lejeune, B. Beagle, FCI Berlin
Warden Esker Tatum, Jr., Warden R.
Hazlewood, and Capt. FNU Duck


**REPORT AND RECOMMENDATION**

Before the court is plaintiff Jose A. Vazquez-Castro's complaint and complaint addenda (Doc. Nos. 1, 4, 4-1, 6, 6-1, 7, 7-1).[1] These filings are before the court for preliminary review under 28 U.S.C. § 1915A and LR 4.3(d)(1).

**Preliminary Review Standard**

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief

---

[1]The court's Order issued this date granted Vazquez-Castro's three motions to amend the complaint (Doc. Nos. 4, 6, 7).

sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Vazquez-Castro was an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") in 2015-2016, before he was transferred in June 2016 to a different Federal Bureau of Prisons ("BOP") facility, FCI Ray Brook in New York. Vazquez-Castro alleges that in March 2015, FCI Berlin Case Manager P. Deveney received information indicating that Vazquez-Castro had been in a fight. Vazquez-Castro states that the information Deveney received was false. Based on that information, on March 13, 2015, Deveney caused Vazquez-Castro to be transferred to the FCI Berlin Special Housing Unit ("SHU"). Vazquez-Castro remained in SHU for three months while the matter was investigated, until he was cleared of wrongdoing.

Vazquez-Castro alleges that on March 17, 2015, while he was in SHU, Deveney interfered with Vazquez-Castro's request for

access to an administrative grievance form, known as a BP-8, which Vazquez-Castro wanted to use to complain about his placement in SHU.  Vazquez-Castro specifically alleges that Deveney improperly required him to record the reasons he wanted to have the form in a "cop-out" form, before Vazquez-Castro would be allowed to have access to a BP-8 grievance form. Vasquez-Castro states that Deveney's actions in this regard were contrary to BOP regulations.

In April 2015, after Vazquez-Castro had complained to Deveney's supervisors about the "hurdle" Deveney had placed in the way of his access to a BP-8 form, Deveney hand-delivered a BP-8 form to Vazquez-Castro.  Vazquez-Castro filled out that form.  Deveney returned prison officials' written response to it to Vazquez-Castro, in a manner contrary to BOP regulations, by handing it to plaintiff's cellmate and telling him that the response belonged to Vazquez-Castro.

On July 29, 2015, Deveney charged Vazquez-Castro with the disciplinary offense of failing to report for a scheduled team meeting, in Incident Report No. 2743875.  Vazquez-Castro asserts that although the charge was false, and supervisory BOP officials ultimately expunged the charge from his record in October 2015, the disciplinary panel, on which D. Shuler sat, found him guilty of the charge in July 2015 and sentenced him to a loss of visits and loss of commissary for 30 days.  Vazquez-

Castro asserts that he was not permitted to call witnesses or to have a staff representative at the hearing. Plaintiff further asserts that after he appealed the finding to FCI Berlin Warden Esker Tatum, Tatum did not adequately investigate the charge or respond to Vazquez-Castro's appeal.

On March 1, 2016, Deveney inspected Vazquez-Castro's FCI Berlin cell and issued Incident Report No. 2821910, charging him with having an untidy assigned space. Vazquez-Castro asserts that although that incident report was also false, the disciplinary panel, including defendants Labrenz and Buesche, found him guilty and sentenced him to 30 days loss of email. Vazquez-Castro alleges that he was again denied an opportunity to call witnesses during that disciplinary hearing, and that FCI Warden Hazlewood failed to investigate or properly respond to his appeal.

On June 6, 2016, Vazquez-Castro was ordered to prepare his belongings for a transfer to another facility, and then was sent to the FCI Berlin SHU. Vazquez-Castro asserts that another FCI Berlin inmate, Carlos Jaquez, was summoned for a transfer on the same date but was not similarly placed in SHU. A detention order issued by FCI Berlin Lt. McCoy, attached to the pleadings here, states that Vazquez-Castro was placed in SHU because he was under investigation for violating unspecified BOP regulations. Prison officials never told Vazquez-Castro what

4

the investigation concerned while he remained in SHU.

Shortly after his three-day stay in SHU, Vazquez-Castro was transferred to FCI Ray Brook. The reason given for the transfer, which Vazquez-Castro alleges Hazlewood, Camp Administrator Lejeune, and Case Manager Beagle authorized, was a need to increase the population at FCI Ray Brook. See Req. for Transfer/App. of Mgt. Variable, May 27, 2016 (Doc. No. 6-1, at 6). Vazquez-Castro takes issue with the legitimacy of that reason; in his view, FCI Berlin also needed more inmates at that time, as many FCI Berlin inmates held more than one prison job.

Vazquez-Castro filed this action before the BOP Office of General Counsel had completed its review of Vazquez-Castro's administrative appeal of Incident Report No. 2821910. See Doc. No. 1. After that review was completed, but before this court finished its preliminary review of the pleadings here, Vasquez-Castro moved to amend the complaint to add new defendants and claims, see Doc. Nos. 4, 6, 7. This court has construed those complaint amendments (Doc. Nos. 4-1, 6-1, 7-1) and the factual allegations in the underlying motions (Doc. Nos. 4, 6, 7), as addenda to Vazquez-Castro's complaint (Doc. No. 1) in this case.

## Claims

Vazquez-Castro asserts the following claims in this action:

1. Defendant P. Deveney retaliated against Vazquez-

5

Castro, for exercising his right to petition the government for a redress of grievances, under the First Amendment, by:

    a.   requiring Vazquez-Castro to fill out a "cop out" before he would be given a form BP-8 in March 2015;

    b.   falsely charging Vazquez-Castro in Incident Report No. 2743875, and

    c.   falsely charging Vazquez-Castro in Incident Report No. 2821910.

2.   Defendant P. Deveney violated BOP regulations and Vazquez-Castro's Fifth Amendment right to due process, by:

    a.   requiring Vazquez-Castro to fill out a "cop out" before he would be given a form BP-8 in March 2015;

    b.   falsely charging Vazquez-Castro in Incident Report No. 2743875, and

    c.   falsely charging Vazquez-Castro in Incident Report No. 2821910.

3.   Defendants P. Deveney, D. Shuler, S. Labrenz, J. Buesche, and FCI Wardens Esker Tatum and R. Hazlewood, in connection with the investigations and proceedings relating to Incident Report Nos. 2743875 and 2821910 violated BOP regulations and Vazquez-Castro's Fifth Amendment right to due process.

4.   By giving a response to Vazquez-Castro's administrative grievance form to Vazquez-Castro's cellmate for delivery to Vazquez-Castro, in violation of BOP regulations, Deveney violated Vazquez-Castro's right to privacy in his legal papers.

5.   Defendants Capt. Duck, Lejeune, and Hazlewood treated Vazquez-Castro differently than another inmate pending a facility transfer, by placing Vazquez-Castro, and not the other inmate, in SHU for three days in June 2016, in violation of Vazquez-Castro's right to equal protection under the Fifth Amendment.

6.   Defendants Hazlewood, Lejeune, and Beagle authorized Vazquez-Castro's transfer to FCI Ray Brook in June 2016, to retaliate against Vazquez-Castro for exercising his First

6

Amendment right to petition the government for redress of grievances.

7. Defendant BOP Office of General Counsel failed to complete a timely review of plaintiff's administrative appeal of Incident Report No. 2821910, rendering that office subject to an order to compel completion of that review, under 28 U.S.C. § 1361.

**Discussion**

I. **Mandamus (Claim 7)**

When Vazquez-Castro filed this action, the BOP Office of General Counsel had not yet completed its review of his administrative appeal of Incident Report No. 2821910. This court construed the action as having been filed to obtain relief in the nature of a writ of mandamus because of that agency's failure to act. Vazquez-Castro has since notified this court that the agency completed its review of the appeal at issue. Claim 7, seeking mandamus relief, is moot, and, accordingly, Claim 7 should be dismissed as moot.

II. **First Amendment Retaliation (Claims 1 and 6)**

A. Standard

Vazquez-Castro asserts First Amendment retaliation claims. To state a First Amendment retaliation claim, an inmate must allege: (1) that the conduct which led to the retaliation was protected by the First Amendment; (2) that he suffered adverse action at the hands of the prison officials; and (3) that there was a causal link between the exercise of his First Amendment

7

rights and the adverse action taken. See Hannon v. Beard, 645 F.3d 45, 48 (1st Cir. 2011). De minimis reactions to protected speech are not actionable. See Morris v. Powell, 449 F.3d 682, 685-86 (5th Cir. 2006). An adverse act taken in response to protected conduct is not de minimis, however, if it would deter an individual of ordinary firmness from exercising his or her First Amendment rights. See id.; see also Starr v. Dube, 334 F. App'x 341, 342-43 (1st Cir. 2009).

> "Adverse acts will be considered de minimis when they 'cause an inmate only a few days of discomfort, impose a [single] minor sanction, or impose an otherwise constitutional restriction on the inmate." For example, "the filing of a disciplinary charge carrying potentially severe sanctions" that is later dismissed after a hearing does not constitute an adverse action.

Williams v. Cutler, No. 1:14-CV-539-NT, 2016 WL 6651301, at *2 (D. Me. Nov. 10, 2016) (citations omitted).

B. Claim 1 – Deveney's Conduct

Here, Vazquez-Castro seeks to base Claim 1(a) on an allegation that Deveney put an improper paperwork "hurdle" in the way of his ability to obtain a form BP-8. No inmate of ordinary firmness, however, would be deterred from filing a grievance or lawsuit upon the threat of having to fill out an extra form before obtaining an administrative grievance form. Accordingly, Claim 1(a) should be dismissed.

Vazquez-Castro further alleges that Deveney filed two false disciplinary charges against him, upon which he was found guilty

8

and sentenced him to 30 days loss of email, and loss of commissary and visits, respectively. The charge resulting in a loss of commissary and visits was ultimately expunged from Vazquez-Castro's record. No inmate of ordinary firmness would be deterred from filing grievances and lawsuits upon the threat that he would be subject to losing email for a month, or to a guilty finding carrying a sanction of losing commissary and visits for a month, with the prospect that the record would be expunged. Accordingly, Claims 1(b) and (c) should be dismissed.

C. Claim 6 – Retaliatory Transfer

Vazquez-Castro also bases a First Amendment retaliation claim on defendants' role in authorizing his transfer to FCI Ray Brook in June 2016. A transfer from a medium security prison in one state to a maximum security prison in another state may constitute a non-de minimis adverse act where the transfer would effect some hardship on the inmate. See Hannon, 645 F.3d at 49.

Vazquez-Castro has not alleged any facts showing that his transfer from FCI Berlin to FCI Ray Brook caused him any hardship. Moreover, the facts alleged regarding the timing and sequence of the transfer and the need for more inmates at FCI Berlin do not give rise to a reasonable inference that prison officials lacked a legitimate purpose in transferring him to FCI Ray Brook, or that retaliation for Vazquez-Castro's First Amendment activities was a motivating factor. Accordingly,

Claim 6 is properly dismissed.

**III. <u>Fifth Amendment Due Process (Claims 2 and 3)</u>**

Vazquez-Castro has alleged in Claims 2 and 3 that defendants' conduct in requiring him to fill out a cop-out to acquire a BP-8 form, in filing false disciplinary charges, and in inhibiting his ability to call witnesses or have a staff representative in the disciplinary proceedings on Incident Report Nos. 2743875 and 2821910 all violated his Fifth Amendment right to due process. Protected liberty interests, for a prisoner challenging the imposition of sanctions through disciplinary proceedings, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (citations omitted). The sanctions and restrictions imposed upon Vazquez-Castro, including extra paperwork for filing a grievance, and the temporary loss of email, commissary, and visits, are not atypical or significant hardships, and thus do not give rise to any viable due process claim. <u>See, e.g.</u>, <u>id.</u> (30 days in punitive segregation did not implicate liberty interest). Accordingly, Claims 2 and 3 should be dismissed.

**IV. <u>Right to Privacy in Legal Papers (Claim 4)</u>**

Vazquez-Castro alleges that Deveney's conduct in improperly giving the prison's response to Vazquez-Castro's BP-8 to his cellmate, for delivery to him, violated Vazquez-Castro's right to privacy in his legal mail. An "isolated incident of mail tampering is usually insufficient to establish a constitutional violation." <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d Cir. 2003). Vazquez-Castro has not alleged any facts indicating that a disclosure of any confidential legal information occurred either on this one occasion, or on any other occasion. A declaration, filed as an attachment to Vazquez-Castro's pleadings, states that the cellmate did not look at the form before placing it face-down on Vazquez-Castro's bed for him to review when he returned to the cell. <u>See</u> Decl. Mark Judd, July 21, 2015 (Doc. No. 7-1, at 17). Under such circumstances, Vazquez-Castro has failed to state a claim upon which relief can be granted for any violation of his right to privacy in his legal papers.

**V. <u>Equal Protection (Claim 5)</u>**

"The Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government." <u>Davis v. Coakley</u>, 802 F.3d 128, 132 (1st Cir. 2015) (citation omitted). To establish an equal protection claim, a plaintiff needs to allege facts showing that "'(1) the [plaintiff], compared with others similarly situated,

11

was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure [the plaintiff].'" Id. at 132-33 (citations omitted). Proof of discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Vazquez-Castro does not allege any facts indicating that he was treated differently than other inmates on the basis of his affiliation with any protected class. Rather, he points to another inmate who was also scheduled for a transfer on the same day, who was not put in SHU first, as Vazquez-Castro was. The facts alleged as to that other inmate, however, fail to show that they were similarly situated in all relevant respects. An exhibit attached to the complaint here indicates that Vazquez-Castro was detained for three days in SHU to investigate him for violating BOP regulations. See Admin. Detention Order, June 6, 2016 (Doc. No. 6-1), at 5. Vazquez-Castro does not allege facts showing that the other inmate was similarly under investigation for violating BOP regulations, or that the detention notice was false. Further, Vazquez-Castro has not alleged facts to support a claim that the delay in his transfer or three days in SHU was the result of any discriminatory animus. For these reasons,

12

Claim 5 should be dismissed.

## VI. Violations of BOP Regulations

An inmate cannot assert a claim based on a correction official's failure to follow prison policies. See Gibbs v. Hernandez, No. EDCV 13-382-CAS KK, 2015 WL 135885, at *1 n.1, 2014 U.S. Dist. LEXIS 180121, at *2 n.1 (C.D. Cal. Nov. 21, 2014) ("Although '[p]rison regulations governing the conduct of correctional officers' are 'relevant in determining whether an inmate's right was clearly established,' they do not confer rights." (citations omitted)), R&R accepted, 2015 WL 135885, at *1, 2015 U.S. Dist. LEXIS 3608 (C.D. Cal. Jan. 8, 2015), aff'd, 667 F. App'x 972 (9th Cir. 2016); Joost v. Cornell Corr., Inc., No. 97-512T, 1998 WL 939531, at *7 (D.R.I. Dec. 11, 1998) (BOP "regulations and program statements upon which plaintiff relies neither expressly nor impliedly confer a private right of action upon prisoners"), R&R approved, No. 97-512T (D.R.I. Mar. 29, 1999). Accordingly, to the extent Vazquez-Castro seeks to base any claim in this case on any defendant's violations of BOP regulations, such claims should be dismissed.

## Conclusion

For the foregoing reasons, the district judge should dismiss all claims in this action, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 12, 2017

cc: Jose A. Vazquez-Castro, pro se